(5 App. Div. 229.)

### O'BRIEN et al. v. PEORIA WATER CO.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

1. FOREIGN CORPORATIONS—ACTIONS AGAINST NONRESIDENT PLAINTIFF.
   An action for money due under a contract is an action to recover damages for breach of the contract, within Code Civ. Proc. § 1780, which provides that a nonresident may sue a foreign corporation in New York, where the action was brought to recover damages for breach of a contract made within the state.

2. SAME—SPECIFIC PERFORMANCE.
   Where a complaint alleges that plaintiff's predecessor in title did work for defendant, a foreign corporation, under a contract that defendant should deliver $10,000 in bonds, and asks judgment that defendant be compelled to deliver the goods, but states facts which will sustain a cause of action for breach of the agreement to deliver the bonds, the prayer of relief may be disregarded, and the action sustained as one for breach of contract, under Code Civ. Proc. § 1780, allowing a nonresident to sue a foreign corporation on a contract made in New York.

Appeal from special term, New York county.

Action by Edward L. O'Brien and others against the Peoria Water Company. From an order denying a motion to dismiss the action, defendant appeals. Affirmed.

The amended complaint is as follows:

For a First Cause of Action: First. That at all the times hereinafter mentioned the defendant was a foreign corporation, organized and existing under and by virtue of the laws of the state of Illinois. Second. That heretofore, at the city of New York, N. Y., the firm of Moffett, Hodgkins & Clarke and the above-named defendant entered into an agreement, whereby the defendant, among other things, agreed to and did employ the said firm to engineer and superintend the construction of the waterworks of the defendant, and to pay all expenses incurred by said firm in regard thereto; and that, in pursuance of said contract, said firm performed work, labor, and services in engineering and superintending the construction of said waterworks, and incurred expenses in connection therewith, to the amount of about $75,000. Third. That heretofore, and before the commencement of this action, said firm of Moffett, Hodgkins & Clarke, for value, sold, assigned, and delivered to the Moffett, Hodgkins & Clarke Company, a corporation organized and existing under and by virtue of the laws of the state of New Jersey, all its right, title, and interest in and to the claim of said firm, set forth in this cause of action, against the defendant above named. Fourth. That, although said firm of Moffett, Hodgkins & Clarke and said the Moffett, Hodgkins & Clarke Company have performed all things to be performed by them, or either of them, under said contract, said defendant has neglected and refused to perform the conditions of said contract to be performed by it, and has refused

and still refuses to pay to the plaintiffs or said the Moffet, Hodgkins & Clarke Company, or said firm, its assignor, the sum of $75,000, due by said defendant to them as aforesaid, or any part of said sum. Fifth. That heretofore, to wit, on or about the 9th day of November, 1894, in an action in the supreme court, Onondaga county, in which one Henry C. Hodgkins was plaintiff and said Moffett, Hodgkins & Clarke Company was defendant, a final judgment was duly made and entered in the office of the clerk of Onondaga county wherein and whereby the plaintiffs Edward D. O'Brien and Louis V. Booraem were duly appointed permanent receivers of all the property of said Moffett, Hodgkins & Clarke Company within the state of New York, with the usual powers and duties of receivers, according to the laws of this state and the practice of this court. Sixth. That in and by an order made and entered herein on the 31st day of October, 1894, by Hon. George C. Barrett, one of the justices of this court, the above-named plaintiffs were directed to be substituted as parties plaintiff herein in the place and stead of said the Moffett, Hodgkins & Clarke Company.

For a Second Cause of Action: Seventh. The plaintiff repeats all the allegations contained in the paragraphs designated "First," "Third," "Fifth," and "Sixth" of the first cause of action herein, as if said paragraphs were fully herein set forth. Eighth. The plaintiff states that heretofore, at the city of New York, said firm of Moffett, Hodgkins & Clarke entered into an agreement with the defendant, wherein said firm agreed to perform certain work, labor, and services, and furnish materials, in the construction of a certain plant for said defendant at the city of Peoria, in the state of Illinois; that the defendant agreed to pay therefor to said firm the sum of $1,050,000 in first consolidated six per cent. thirty-year gold bonds, to be issued by the defendant, and also $199,500 of the capital stock of said defendant company. Ninth. That said firm of Moffett, Hodgkins & Clarke duly performed all of the conditions and requirements of said contract to be performed by the said firm; that the said bonds and stock were duly issued by the defendant herein, as provided under the terms of said contract, but that said defendant has failed to deliver to the plaintiff herein $10,000 of such bonds, and that said bonds were, at the time of the performance of said contract, of the value of $10,000; that the defendant above named is now insolvent, and unable to pay its debts. Wherefore, the plaintiff demands judgment against the defendant for the sum of $75,000, with interest thereon from the 1st day of July, 1894, and that the defendant herein deliver to the plaintiff herein said $10,000 of the first consolidated six per cent. thirty-year gold bonds of said defendant, and for the costs of this action.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

John M. Shedd, for appellant.
Louis Marshall, for respondents.

PATTERSON, J. This is an appeal from an order denying defendant's motion to dismiss this action, which motion was made upon the ground that the court did not have jurisdiction of the subject-matter in controversy between the parties, inasmuch as they are both foreign corporations, and neither of the two causes of action set forth in the complaint was of such a character as conferred jurisdiction upon the court under section 1780 of the Code of Civil Procedure. The plaintiffs now upon the record are receivers of a New Jersey corporation, which originally brought this action against the defendant, an Illinois corporation. The original plaintiff was the assignee of a contract made by the defendant at the city of New York with a co-partnership, by which contract, it is alleged in the complaint, such co-partnership was employed to render services to the defendant, which services were duly performed, and were of the

value of $75,000, which the defendant has not paid.  Subsequent to the institution of the suit, the New Jersey corporation went into the hands of receivers, who became substituted as plaintiffs by order of the court, and seek to enforce the indebtedness against the defendant arising out of the nonpayment of the moneys alleged to be due under the contract made with the co-partnership above referred to.

There can be no question that the court had jurisdiction of the first cause of action set forth in the complaint.  It arises under a contract made at the city of New York between parties who contracted at that place, and therefore is clearly within the first subdivision of section 1780.  There is no force whatever in the criticism that, inasmuch as the action is to recover an amount due under the contract, it is not one to recover damages for a breach of the contract.  The nonpayment of the money secured by the contract is a breach, and there could be no cause of action if there had been no breach; and the proper construction of the first subdivision of the section referred to makes that section applicable to such a cause of action as that first set forth in the complaint.

Concerning the second cause of action, it is specifically stated in the complaint that the contract for building the waterworks for the defendant was made with the co-partnership above referred to at the city of New York.  It was a contract made between individuals and the defendant.  The corporation of which the plaintiffs are receivers acquires its rights by assignment from those individuals, and the right of a foreign corporation to maintain an action depends upon the nature of the contract, for it is to be enforced, if at all, under the right of the parties with whom the defendant contracted. The obligation of the defendant was to deliver to those parties certain bonds and stock, and the allegation of the complaint is that $10,000 of bonds have not been delivered.  The contract was made at the city of New York; the work to be done by the co-partnership was to be done at Illinois; but there is nothing to show that the payment of the bonds was to be made there.  On the contrary, the inference would be that it was to be made in the city of New York, where the contract was made, and therefore, regarding this as a suit between foreign corporations, the cause of action for the nondelivery of these bonds would be one coming under the third subdivision of section 1780, and an action would lie for a breach of the contract.  It is claimed, however, by the defendant, that, inasmuch as the specific relief is demanded as to this second cause of action that the defendant deliver to the plaintiffs $10,000 in bonds, the suit as to the second cause of action is one for specific performance. It is true that the complaint is open to the criticism referred to, and that seemingly two causes of action are united,—one for damages for the breach of a contract to pay a fixed sum of money, and the other for specific performance; but it is plain that the prayer for relief with reference to the second cause of action may be disregarded, and that cause of action be proceeded with as one for damages for the breach of the agreement to deliver $10,000 in bonds, and, that being so, the two causes of action may stand together, there being

sufficient averments in the complaint to sustain the second cause of action as one for damages.

We are of opinion that the court below was right in refusing to dismiss the action for want of jurisdiction, and that the order must be affirmed, with $10 costs and disbursements. All concur.

---

(5 App. Div. 283.)

### In re PEEKAMOSE FISHING CLUB'S TRUSTEES.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

APPEAL—ORDER ENTERED BY DEFAULT.

Argued before BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

